In re ROUKOUS.

(District Court, D. Rhode Island. March 16, 1904.)

No. 326.

**1. BANKRUPTCY—PETITION TO SET ASIDE COMPOSITION—EFFECT OF ACTION AT LAW AGAINST BANKRUPT.**

That a creditor has commenced an action at law against a bankrupt will not prevent his also maintaining a petition under section 13 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]) to set aside a composition for fraud.

In Bankruptcy. On motion to dismiss petition of Lewis E. Harrower to set aside composition.

John F. Byrne, for petitioner.

Van Slyck & Mumford, Charles C. Mumford, and J. Jerome Hahn, for bankrupt.

BROWN, District Judge. After filing his petition to set aside the composition for fraud in procuring it, the petitioner brought an action at law against the bankrupt. This action is now pending in the Circuit Court. The bankrupt now moves to dismiss the petition to set aside the composition, contending that by bringing an action at law the petition has been abandoned, for the reason that the two proceedings seek substantially the same thing—payment of a further portion of the creditor's claim—and that the two remedies are inconsistent. The immediate object of the petition is to set aside the composition. Apparently the only way in which this can be accomplished is according to the provisions of section 13, c. 3, of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]). Brandenburg on Bankruptcy (3d Ed.) § 332. While setting aside the composition would result in an application of the bankrupt's property to his debts according to the provisions of section 64c of the act (30 Stat. 563 [U. S. Comp. St. 1901, p. 3448]), and while this would be inconsistent with the acquisition by the creditor of a preference through an attachment, it would not prevent the creditor from reducing his claim against the bankrupt to judgment. As, in the action at law, the creditor cannot accomplish the object which he seeks to effect by his petition, it cannot be said that he has abandoned his petition, or that he should be compelled to make an election between his petition and his action at law.

Motion denied.